**NICOLETTI HORNIG CAMPISE & SWEENEY**
Attorneys for Plaintiff
Wall Street Plaza
88 Pine Street
New York, New York 10005
(212) 220-3830
Attorney: Lawrence C. Glynn (LG 6431)
NHC&S File No.:    00000634JFS/LCG

JUDGE LYNCH

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

05 CV     6226

---------------------------------------------------------x

SHANDONG INDUSTRIAL INC.,

                 Plaintiff,

    -against-

M/V "RICKMERS GENOA", her engines, boilers, etc.,
M/V "SUN CROSS", her engines, boilers, etc.,
RICKMERS-LINIE GmbH & CIE. KG,
SUNWOO MERCHANT MARINE CO. LTD.,
PUDONG TRANS USA INC.,

                Defendants.

---------------------------------------------------------x

Case No.:     05 Civ.       (   )

**VERIFIED
COMPLAINT**



RECEIVED
JUL 0 6 2005
U.S.D.C. S.D. N.Y.
CASHIERS

    Plaintiff, Shandong Industrial Inc. ("SII" or "Plaintiff") by its attorneys, Nicoletti Hornig

Campise & Sweeney, alleges upon information and belief, as follows:

    1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure.

2.     At and during the times hereinafter mentioned, plaintiffs had and now have the legal status and principal place of business stated in Schedule "A" attached hereto and by this reference made a part hereof.

3.     At and during all the times hereinafter mentioned, defendants had and now have the legal status and offices and places of business stated in Schedule "A", and were and now are engaged as common carriers of merchandise by water and owned, operated, managed, chartered and controlled the above matter vessels which is now, or will be within the jurisdiction of this Court during the pendency of this action.

4.     On or about the dates and at the port of shipment stated in Schedule "B" attached hereto and by this reference made a part hereof, there was delivered to the vessel M/V Rickmers Genoa and defendants in good order and condition, the shipment described in Schedule "B", which said vessel and defendants received, accepted and agreed to transport for certain consideration to the ports of destination stated in Schedule "B".

5.     Thereafter, the said vessel did not arrive at the port of destination set forth in Schedule "B" and they and defendants failed to deliver the shipment in like good order and condition as when shipped, delivered to and received by them, but on the contrary, seriously injured and impaired in value by reason of the matter and things stated in Schedule "B", all in violation of Defendants' and the said vessel's obligations and duties as common carriers of merchandise by water for hire.

6.     By reason of the premises, the above named vessel and defendant breached, failed and violated their duties and obligations as common carriers, bailees, warehousemen, and were otherwise at fault.

2

7.    Plaintiff was the shipper, consignee, or owner of the shipment described in Schedule "B", and brings this action on its own behalf and as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

8.    Plaintiff has duly performed all duties and obligations on its part to be performed.

9.    By reason of the premises, plaintiff has sustained damages as nearly as same can now be estimated, no part of which has been paid, in the amount of $253,482.70.


WHEREFORE, plaintiff requests:

(a)    That process in due form of law may issue against Defendant citing them to appear and answer all and singular the matters aforesaid;

(b)    That if defendants cannot be found within this district, then all their property within this District as shall be described in Schedule "A", be attached in the sum of $253,482.70 with interest thereon and costs, the sum sued for in this Complaint;

(c)    That judgment may be entered in favor of Plaintiff against Defendant for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action;

(d)    That process in due form of law according to the practice of this Court in causes of admiralty and maritime claims, may issue against said vessels, their engines, etc., and that all persons having or claiming any interest therein be cited to appear and answer under oath, all singular the matters aforesaid, and this Court will be pleased to pronounce judgment in favor of Plaintiff for its damages as aforesaid, with interest, costs and disbursements, and that the said vessels may be condemned and sold to pay therefor, and

3

(e)     That this Court will grant to Plaintiff such other and further relief as may be just and

proper.

Dated:  New York, New York
        July 5, 2005

                        Yours, etc.,

                        **NICOLETTI HORNIG CAMPISE & SWEENEY**
                        Attorneys for Plaintiff

                        By: _____
                            Lawrence C. Glynn (LG-6431)
                            Wall Street Plaza
                            88 Pine Street
                            New York, New York 10005
                            (212) 220-3830
                            NHC&S File No.:     00000634JFS/LCG

4

## SCHEDULE A

Plaintiff:      Shandong Industrial Inc.
                    301 Bridge Plaza North
                    Fort Lee, New Jersey 07024

Defendants:

                    Rickmers-Linie GmbH & Cie. KG
                    Neumühlen 19
                    D-22763
                    Hamburg, Germany

                    Sunwoo Merchant Marine Co. Ltd.
                    c/o Sunwoo Shipping Co. Ltd.
                    7th Floor Dowong Building
                    128-27 Tangju-dong
                    Chongno-gu
                    Seoul 100-071 South Korea

                    Pudong Trans USA Inc.
                    c/o Shanghai Pudong Transportation
                    Hangzhou Office
                    Room 608, Zhongshan Building
                    Zhongshan Zhong Road
                    310012 China

## SCHEDULE B

| | |
|---|---|
| Vessel: | M/V Rickmers Genoa |
| Bill of Lading: | RCKI153XINCAM49 |
| | RCKI153XINCAM43 |
| | RCKI153XINCAM42 |
| | RCKI153XINCAM44 |
| Date of Shipment: | March 3, 2005 |
| Port of Shipment: | Tianjin, China |
| Port of Discharge: | Camden, New Jersey |
| Shipper: | Shandong Industrial Inc. |
| Consignee: | Shandong Industrial Inc. |
| Description: | 20,736 Cartons of Nails |
| Nature: | Non Delivery - 20,736 Cartons |
| Amount: | $253,482.70 |
| NHC&S File No.: | 00000634JFS/LCG |

## VERIFICATION

STATE OF NEW YORK            )
                             )  ss.:
COUNTY OF NEW YORK           )

LAWRENCE C. GLYNN, being duly sworn, deposes and says:

That he is an attorney admitted to practice before the Courts of this State and is associated with the firm of NICOLETTI HORNIG CAMPISE & SWEENEY, attorneys for Plaintiff herein.

That he has read the foregoing Verified Complaint and knows the contents thereof and that the same is true to his own knowledge, except as to the matters therein stated to be alleged upon information and belief and as to those matters, he believes them to be true.

Deponent further says that the sources of his information and the grounds for his belief as to all matters therein stated to be alleged on information and belief, is derived from documents, records, correspondence and memoranda of Plaintiff concerning the maters set forth in the Verified Complaint in the possession of deponent.

Lawrence C. Glynn

Sworn to before me this
5th day of July, 2005

Notary Public

MARY ANN RAARUP
Notary Public, State of New York
No. 01RA4874099
Qualified in Suffolk County
Certificate filed in New York County
Commission Expires Oct. 20, 20.__

7